IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

                                                                                                                 ORDER

                      Plaintiff,

                                                                                          11-cv-119-bbc

     v.

FOOD AND DRUG ADMINISTRATION,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action in which plaintiff Christine Porter alleges that she has been harmed by various prescription drugs. Because plaintiff is proceeding in forma pauperis, I must screen plaintiff's complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). After considering plaintiff's complaint, I conclude that plaintiff's allegations are so vague that I will dismiss the complaint under Fed. R. Civ. P. 8 and give plaintiff another chance to clarify her claims.

      Fed. R. Civ. P. 8(a)(2), requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." At this point, plaintiff's allegations are too vague to give defendant an understanding of what it did to violate plaintiff's rights. In her complaint, plaintiff refers to a previous case in this court, Porter v. John, no. 08-cv-635-bbc, in which she alleged that she was injured from interactions between her prescription drugs that were overprescribed to her. Also, she states "How can drugs be

1

fraud when the FDA approve fraud. Aren't they in violation too for approving it?"

This complaint does not satisfy Rule 8 because defendant would not be able to understand what it did to injure plaintiff. Plaintiff asserts that she was wrongfully overprescribed drugs by medical professionals but then pivots to say that defendant Food and Drug Administration "approved fraud," leaving it unclear how exactly defendant has harmed her, as opposed to her medical professionals. Is she saying that the drugs that she was described are harmful to her no matter what the dose? Is she stating that defendant approved a dosage that was too high?

I conclude that plaintiff is free to file an amended complaint that more clearly explains her *specific* claim against the Food and Drug Administration. If plaintiff decides to file an amended complaint, she should write it as if she were telling a story to people who know nothing about her situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did defendant do that makes them liable for violating plaintiff's rights?
- How was plaintiff injured by defendants' conduct, as opposed to her medical professionals?

Plaintiff will have until April 27, 2011 to submit her amended complaint.

ORDER

IT IS ORDERED that plaintiff Christine Porter's complaint in this action, dkt. #1, is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until April 27, 2011 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 6th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge